Robert P. Goe – State Bar No. 137019
Charity J. Manee – State Bar No. 286481
**GOE FORSYTHE & HODGES LLP**
17701 Cowan, Bldg. D, Suite 210
Irvine, CA 92614
rgoe@goeforlaw.com
cmanee@goeforlaw.com
Telephone: (949) 798-2460
Facsimile: (949) 955-9437

Attorneys for Official Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>2ND CHANCE INVESTMENT GROUP, LLC,<br><br>Debtor and Debtor in Possession. | Case No. 8:22-bk-12142-SC<br><br>Chapter 11 Case<br><br>Adv. Case No.: 8:23-ap_____-SC |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS,<br><br>Plaintiff,<br>-vs-<br><br>JPMORGAN CHASE BANK, N.A.; RAYSHON ANDREW FOSTER, an individual; and SONJA FOSTER, an individual and DOES 1-10,<br><br>Defendants. | **COMPLAINT FOR:**<br><br>1) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND CAL. CIV. CODE §§ 3439.04(a)(2), 3439.05;**<br>2) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(B);**<br>3) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND CAL. CIV. CODE §§ 3439.04(a)(1);**<br>4) **AVOIDANCE OF TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(A);**<br>5) **RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. § 550; and**<br>6) **DISALLOWANCE OF CLAIMS PURSUANT TO 11 U.S.C. § 502** |

1

The Official Committee of Unsecured Creditors of the bankruptcy estate of 2ND Chance Investment Group, LLC ("Debtor"), and Plaintiff in this adversary proceeding ("Committee" or "Plaintiff"), respectfully alleges as follows:

## I. SUBJECT MATTER JURISDICTION AND VENUE

1. This adversary proceeding arises in and relates to the Debtor's pending chapter 11 bankruptcy case entitled *In re 2nd Chance Investment Group, LLC.*, Case No. 8:22-bk-12142-SC ("Bankruptcy Case").

2. On December 21, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing the Bankruptcy Case.

3. This Court has jurisdiction to adjudicate the issues raised in this adversary proceeding under 28 U.S.C. § 1334.

4. This action is a core proceeding under 28 U.S.C. § 157(b). Pursuant to Federal Rule Bankruptcy Procedure 7008, Plaintiff consents to the Bankruptcy Court entering final a judgment and/or order.

5. This adversary proceeding involves property worth more than $1,000 and does not involve a consumer debt. Venue in this judicial district is appropriate under 28 U.S.C. §§ 1409(a) and/or (c) because the Bankruptcy Case is pending in the Central District of California.

6. To the extent Plaintiff asserts claims under 11 U.S.C. § 544, Plaintiff asserts that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or not allowable under 11 U.S.C. § 502(e), who can avoid the prospective transfers as set forth hereinafter under California or other applicate state or federal law.

## II. THE PARTIES

7. Plaintiff was appointed as the Creditors' Committee on February 6, 2023.

8. Pursuant to the Bankruptcy Court's *Order Approving Stipulation Between Debtor and the Official Committee of Unsecured Creditors Granting the Committee Standing to Pursue Certain Avoidance Actions on Behalf of the Estate* entered on March 22, 2023 in the Bankruptcy Case at Docket Entry No. 77, Plaintiff is the representative of the bankruptcy estate whose authority, subject to limitations not relevant to the claims stated herein, includes, but is not limited

to pursuing, suing on, and settling all actions, arising under Bankruptcy Code sections 502, 510, 544, 545, 547, 548, 549, 550 and 553, or any avoidance actions under applicable non-bankruptcy law. Plaintiff is also empowered to prosecute, pursue, and resolve all claims held by the estate and objections to claims in the Bankruptcy Case.

9. Plaintiff brings this action solely for the benefit of the estate and its creditors in the Bankruptcy Case.

10. By virtue of Plaintiff consisting of a committee of creditors of the Debtor, Plaintiff may not have personal knowledge of many of the facts alleged in this Complaint and, therefore, where appropriate, alleges certain facts on information and belief. Plaintiff reserves its right to amend this Complaint to allege additional claims against the Defendants (defined below) and to challenge and recover transfers made to or for the benefit of the Defendants in addition to those transfers alleged in the Complaint.

11. On and before the Petition Date, and continuing to the present, Defendant JPMorgan Chase Bank, N.A. ("Chase") is a national banking association organized under the laws of the United States of America.

12. Chase regularly conducts business throughout the State of California.

13. Defendant Rayshon Andrew Foster ("R. Foster") is an individual and according to the Debtor's List of Equity Security Holders [Docket No. 1 in the Bankruptcy Case at page 10 of 54], which was executed under the penalty of perjury and has not been amended, is the sole member of the Debtor and at all times was a person in control of the Debtor.

14. Sonja Foster ("S. Foster") is the spouse of R. Foster (together, the "Fosters") and at all times relevant to this Complaint, was a person in control of the Debtor. Debtor has subsequently alleged in its amended plan and disclosure statement [Docket Nos. 268 and 269 filed in the Bankruptcy Case], that S. Foster actually owns 48% of the Debtor.

15. Chase and the Fosters shall from hereon, at times, collectively be referred to as the "Defendants."

### III. GENERAL ALLEGATIONS

16. The allegations contained in paragraphs 1-15, inclusive, are re-alleged and

incorporated herein by this reference, as though set forth in full.

17. Along with its voluntary bankruptcy petition, Debtor filed its Schedules D and E/F on the Petition Date, in which the Debtor did not schedule any debt owed to Chase.

18. On information and belief, the Debtor owed no debt to Chase during the four (4) years preceding the Petition Date and had no credit card account with Chase during such period.

**A.  Fraudulent Transfers Made From Assets of the Debtor to and for the Benefit of Defendants.**

19. During the four years prior to the Petition Date, the Debtor was caused to transfer funds directly to Chase in the aggregate amount of at least $138,339 ("Transfers").

20. The Transfers were transfers of money from the Debtor's operating bank account maintained with East West Bank, ending in account number 4577.

21. An itemized listing of the Transfers with details, describing salient aspects of each individual transfer, is attached hereto as **Exhibit "1"** and is incorporated herein.

22. The Transfers were made for the benefit of the Fosters.

23. Plaintiff is informed and believes that, during the four years leading up to the Petition Date, the Fosters caused the Debtor to make the Transfers for their personal benefits, including their multiple other businesses besides the Debtor, and not for any legitimate business purpose of the Debtor.

24. Debtor and the Fosters intended to conceal Debtor's improper Transfers to Chase from Debtor's legitimate creditors.

25. Plaintiff is informed and believes that the Transfers were intended to disguise the Fosters' plan to strip the Debtor of its assets and hide the value of those assets or money under third party names in order to defraud, hinder, delay and avoid paying Debtor's genuine creditors and to enrich themselves.

26. Upon information and belief, at all times relevant to this Complaint, creditors of the Debtor (holding unsecured claims allowable within the meaning of Sections 502 and 544(b) of the Bankruptcy Code) existed that could have avoided the Transfers described herein under applicable state voidable transfer law including, but not limited to, California Civil Code § 3439 *et seq*.

**FIRST CLAIM FOR RELIEF**

**(Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 544(b)(1); Cal. Code §§ 3439.04(a)(2), 3439.05 Against All Defendants)**

27. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 26 as though set forth in full.

28. The Transfers were transfers of the Debtor's property made within four (4) years of the Petition Date to or for the benefit of the Defendants in the amounts set forth in Exhibits 1.

29. When the Transfers were made, the Debtor was aware of its mounting debts.

30. The Debtor received less than reasonably equivalent value in exchange for the Transfers and in fact received no value for the Transfers.

31. The Debtor was insolvent when the Transfers were made or it became insolvent as a result of the Transfers.

32. At the time the Transfers were made, the Debtor intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

33. The Transfers are avoidable pursuant to 11 U.S.C. § 544(b) and Cal. Civ. Code §§ 3439.04(a)(2), 3439.05.

**SECOND CLAIM FOR RELIEF**

**(Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §548(a)(1)(B) Against All Defendants)**

34. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 33 as though set forth in full.

35. The Transfers were transfers of the Debtor's property.

36. As reflected in Exhibit 1, thirty-two (124) transfers totaling $133,490.2 were made within two (2) years of the Petition Date to or for the benefit of the Defendants.

37. When the subset of the Transfers described in the preceding three paragraphs were made (the "Two-Year Transfers"), the Debtor was aware of its mounting debts.

38. Debtor received less than reasonably equivalent value in exchange for the Two-Year Transfers.

39. Debtor was insolvent when the Two-Year Transfers were made or became insolvent as a result of the Two-Year Transfers.

40. At the time the Two-Year Transfers were made, the Debtor intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured.

41. The Two-Year Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## THIRD CLAIM FOR RELIEF

**(Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 544(b)(1); Cal. Code §§ 3439.04(a)(1) Against All Defendants)**

42. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 41 as though set forth in full.

43. The Uniform Fraudulent Transfer Act provides, inter alia, that a transfer is fraudulent as to a creditor, regardless of when the creditor's claim arose, if the Debtor made the transfer with the actual intent to hinder, delay, or defraud any creditor. (*See* California Civil Code §3439.04 California Civil Code §3439.04(a)(1).)

44. As long as the debtor had the requisite fraudulent intent, a transfer will qualify as an actually fraudulent transfer, even if reasonably equivalent value was provided. Because §3439.04(a)(1)'s language regarding the debtor's state of mind is in the disjunctive, intent to defraud a creditor is not required. Either an intent to hinder or an intent to delay a creditor will also suffice.

45. The Transfers were transfers of the Debtor's property made within four (4) years of the Petition Date. The Transfers were made to Chase on the dates and in the amounts reflected on Exhibits 1.

46. The Transfers were all made for the benefit of the Fosters.

47. The Transfers were made with the actual intent to hinder, delay or defraud Debtor's legitimate creditors and were payments made improperly to enrich the Fosters at the expense of the Debtor's legitimate creditors.

6

48. Plaintiff is informed and believes and thereon alleges that Plaintiff is entitled to an order and/or judgment that the Transfers are avoided and/or providing to Debtor the value of that property in addition to any other remedy available under applicable law.

### FOURTH CLAIM FOR RELIEF

**(Avoidance of Fraudulent/Voidable Transfers Pursuant to 11 U.S.C. § 548(a)(1),**

**Against All Defendants)**

49. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 48 as though set forth in full.

50. Bankruptcy Code section 548(a)(1)(A) provides that a transfer is fraudulent as to a creditor if the Debtor made the transfer with the actual intent to hinder, delay, or defraud any creditor.

51. The Two-Year Transfers were transfers of the Debtor's property made within two (2) years of the Petition Date to or for the benefit of the Defendants.

52. The Two-Year Transfers, like all of the Transfers, were made with the actual intent to hinder, delay or defraud Debtor's legitimate creditors.

53. Plaintiff is informed and believes and thereon alleges that Plaintiff is entitled to an order and/or judgment that the Two-Year Transfers are avoided and/or providing to Debtor the value of that property in addition to any other remedy available under applicable law.

### FIFTH CLAIM FOR RELIEF

**(Recovery of Voidable Transfers Pursuant to 11 U.S.C. § 550 Against All Defendants)**

54. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 53 as though set forth in full.

55. Based on the foregoing claims for relief and the facts set forth herein, the Transfers are all recoverable by Plaintiff.

56. The Transfers, including the Two-Year Transfers, or the value thereof, are recoverable from the Defendants pursuant to 11 U.S.C. § 550(a).

### SIXTH CLAIM FOR RELIEF

**(Disallowance of Claims Pursuant to 11 U.S.C. § 502 Against All Defendants)**

57. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 56 as though set forth in full.

58. Defendants have not paid the amount of the Transfers, or any part of them, including the Two-Year Transfers, nor turned over such property, for which Defendants are liable under 11 U.S.C. §550.

59. Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendants and/or their assignees against the Debtor's estate must be disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of all of the Transfers, plus interest thereon and costs.

60. Pursuant to 11 U.S.C. § 502(j), any and all claims of Defendants and/or their assignees against the Debtor's estate previously allowed must be reconsidered and disallowed until such time as Defendants pay to Plaintiff an amount equal to the aggregate amount of all of the Transfers which have been avoided under 11 US.C. § 550.

**PRAYER**

**WHEREFORE**, Plaintiff prays for judgment against all Defendants as follows:

**ON THE FIRST AND THIRD CLAIMS FOR RELIEF**

1. For judgment avoiding the Transfers.

**ON THE SECOND AND FOURTH CLAIMS FOR RELIEF**

2. For judgment avoiding the Two-Year Transfers.

**ON THE FIFTH CLAIM FOR RELIEF**

3. For recovery of the Transfers or their value in the form of a money judgment.

**ON THE SIXTH CLAIM FOR RELIEF**

4. Judgment disallowing, in accordance with 11 U.S.C. §§ 502(d) and (j), any claims held by Defendants and/or their assignees until Defendants satisfy the judgment granted in this action.

\\\

**ON ALL CLAIMS FOR RELIEF**

5. For interest as permitted by law from the date of the Transfers;

6. For costs of suit incurred herein, including, without limitation, attorneys' fees; and

7. For such other and further relief as the Court deems just and proper.

Dated: November 6, 2023            **Respectfully submitted by,**

                                               **GOE FORSYTHE & HODGES LLP**

                                               By: /s/*Robert P. Goe*
                                                  Robert P. Goe
                                                  Charity J. Manee
                                                  Counsel to Official Committee of
                                                  Unsecured Creditors

# EXHIBIT 1

| Date | Amount | Note |
|---|---|---|
| 2/20/2019 | 1,049 | EWB |
| 3/15/2019 | 1,100 | EWB |
| 4/1/2019 | 700 | |
| 11/10/2020 | 1,000 | EWB |
| 12/14/2020 | 1,000 | |
| 3/11/2021 | 835 | EWB |
| 3/11/2021 | 2000 | |
| 4/22/2021 | 22,221.29 | EWB (outgoing wire to JP Morgan Chase Bank NA Attn (illegible) |
| 5/10/2021 | 200 | |
| 5/10/2021 | 1595.35 | "Electronified C" from EWB to JP Morgan Bank NA Check Pymt |
| 5/10/2021 | 1624.14 | "Electronified C" Chase Credit Crd Check Pymnt (description) |
| 6/7/2021 | 500 | |
| 6/9/2021 | 1559.79 | |
| 6/14/2021 | 1,000 | |
| 7/12/2021 | 500 | |
| 7/14/2021 | 692.73 | |
| 7/14/2021 | 1559.79 | |
| 8/12/2021 | 1,582.93 | |
| 8/12/2021 | 500 | |
| 8/16/2021 | 1,559.79 | |
| 12/6/2021 | 1,500 | |
| 12/13/2021 | 2,500 | |
| 2/4/2022 | 24,945.68 | EWB |
| 2/7/2022 | 745.17 | EWB |
| 4/4/2022 | 899.57 | |
| 4/4/2022 | 25,000 | EWB |
| 4/11/2022 | 500 | EWB |
| 4/13/2022 | 1000 | EWB |
| 4/28/2022 | 5000 | EWB |
| 6/6/2022 | 50 | EWB |
| 6/6/2022 | 1000 | EWB |
| 7/5/2022 | 26,557 | Ewb |
| 8/4/2022 | 1000 | EWB |
| 8/15/2022 | 1000 | EWB |
| 9/6/2022 | 1000 | EWB |
| 9/13/2022 | 1000 | EWB |
| 10/13/2022 | 1000 | Ewb |
| 11/7/2022 | 862 | |
| | 138,339 | |

133490.2